IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| IN RE EARL DOUGLAS ADDISON, ) | |
| ) | Bankruptcy Case No. 14-71321 |
| Debtor. ) | Adversary Proceeding No. 15-07002 |
| ) | |

| | |
|---|---|
| EARL DOUGLAS ADDISON, ) | |
| ) | |
| Plaintiff-Appellee, ) | Case No. 1:15CV00041 |
| ) | |
| v. ) | OPINION |
| ) | |
| UNITED STATES DEPARTMENT ) | By: James P. Jones |
| OF AGRICULTURE, ) | United States District Judge |
| ) | |
| Defendant-Appellant. ) | |

*Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Appellant; Rachel E. Jones, Southwest Virginia Legal Aid Society, Marion, Virginia, for Appellee.*

This is an appeal from an order of the bankruptcy court holding that the government violated the Bankruptcy Code's automatic stay provision when it withheld the debtor's federal income tax refunds. The government withheld those funds in an effort to satisfy a non-tax debt owed by the debtor to the United States Department of Agriculture ("USDA"), and argues that it was empowered to do so by the Treasury Offset Program. The government's appeal has been briefed, argued, and is ripe for decision.

As the bankruptcy court acknowledged, this is a difficult issue. Courts are split as to whether such an offset is appropriate in the face of the automatic stay of the Bankruptcy Code. While arguments can be made in favor of both outcomes, I find that the bankruptcy court correctly decided this issue. I will accordingly affirm the bankruptcy court's decision.

I.

A district court reviews the factual findings of a bankruptcy court under a clearly erroneous standard. *See Stancill v. Harford Sands Inc. (In re Harford Sands Inc.),* 372 F.3d 637, 639 (4th Cir. 2004). In contrast, I must review the bankruptcy court's decisions of law de novo. *See id*. The facts in this case are undisputed, so I fully adopt the Findings of Fact set forth in the bankruptcy court's Memorandum Opinion. I will briefly summarize those facts that are relevant to my decision.

On September 23, 2014, Earl Douglas Addison, the appellee, filed a voluntary bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code. The bankruptcy petition listed his 2011 and 2012 anticipated tax refunds as assets of his bankruptcy estate worth $8,957, and stated that $2,319 represented his homestead exemption available under Virginia law. *See* Va. Code Ann. § 34-4. The petition further showed that Addison owed the USDA $80,989, the amount that was outstanding after a foreclosure sale of Addison's home.

After filing his bankruptcy petition, Addison filed his 2011 and 2012 federal income tax returns. On November 17, 2014, the Treasury Department sent a letter to Addison, informing him that his 2011 income tax refund was being applied to a "Non-Tax Federal Debt." On November 21, 2014, the Treasury Department sent a second letter to Addison, advising him that his 2012 tax refund would also be applied to that debt. Both refunds were ultimately applied to the debt owed to the USDA.

Addison filed the present adversary proceeding on January 13, 2015. He complained that the government had violated the automatic stay provision contained in 11 U.S.C. § 362 by withholding his tax refunds. As such, he requested that he be paid $2,319 (the amount of the tax refunds that were exempt), the Chapter 7 trustee be paid $5,766.27 (the amount of the tax refunds that were not exempt), and that he also be awarded other damages, costs, and attorney's fees.

After briefing by the parties and a hearing, the bankruptcy court agreed that the government had violated the automatic bankruptcy stay. The bankruptcy court therefore entered summary judgment in favor of Addison as to the $8,957 offset by the government.[1] The government thereafter filed a timely notice of appeal. The Chapter 7 trustee has since entered into a settlement with the USDA that resolved

---

[1] The bankruptcy court also dismissed the Treasury Department as a defendant and refused Addison's request for attorney's fees. Neither of those rulings are challenged in this appeal.

-3-

the trustee's portion of the claim. Thus, I must only determine whether summary judgment was appropriate as to Addison's personal claim for $2,319.

II.

The Treasury Offset Program requires the reduction or withholding of a tax refund when the would-be recipient of that refund owes a debt to a federal agency. 26 U.S.C. § 6402(d)(1) ("Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt . . ., the Secretary shall . . . reduce the amount of any overpayment payable to such person by the amount of such debt. . . .") The question in this case is whether the government is able to withhold a tax overpayment for application to a non-tax debt when the person who overpaid had instituted bankruptcy proceedings prior to the withholding.

Pursuant to § 541 of the Bankruptcy Code, the filing of a petition for bankruptcy automatically creates a bankruptcy estate, subject to administration by a trustee. 11 U.S.C. § 541(a). Simultaneous with the creation of that estate, an automatic stay is implemented to protect the estate's holdings. 11 U.S.C. § 362(a). This stay serves to protect the relative position of creditors and to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding. *See United States v. Gold* (*In re Avis*), 178 F.3d 718, 720-21 (4th Cir. 1999).

The Code defines "estate" liberally to include all property interests of the debtor at the time he files his petition, irrespective of whether the property interests

Case 1:15-cv-00041-JPJ-PMS   Document 16   Filed 01/19/16   Page 4 of 9   Pageid#: 332

are legal or equitable, tangible or intangible, or vested or contingent. *See* 11 U.S.C. § 541(a); *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 (1983) (observing that the property of the bankruptcy estate includes property in which a debtor does not have a possessory interest at the time of the petition due to seizure by the IRS pursuant to a tax lien). While § 541(a) states what is included in the estate, § 541(b) sets forth what the estate does not include. 11 U.S.C. § 541(b). However, no portion of § 541 confers or creates any property interests. *See Universal Coop., Inc., v. FCX, Inc.* (*In re FCX, Inc.*), 853 F.2d 1149, 1153 (4th Cir. 1988) ("neither § 541(a), nor any other Bankruptcy Code provision, answers the threshold questions of whether a debtor has an interest in a particular item of property and, if so, what the nature of that interest is.") Such interests are instead created by "nonbankruptcy law." *Id*.

The government argues that § 6402 of the Internal Revenue Code is the relevant nonbankruptcy law in this case, and that pursuant to that law, Addison did not have a property interest in his tax overpayment at the time he filed for bankruptcy. The government supports this argument, in large part, by citing to *IRS v. Luongo* (*In re Luongo*), 259 F.3d 323 (5th Cir. 2001). In *Luongo*, the debtor filed her Chapter 7 petition on May 19, 1998. *Id*. at 332. The debtor's schedules disclosed a $3,800 debt to the IRS. *Id.* On August 15, 1998, the debtor filed her 1997 tax return, showing that she had overpaid and was due a refund of $1,395.94.

*Id*. About a month later, the debtor's personal debts, including her 1993 tax liability, were discharged. *Id.* at 332-33. The IRS then instituted proceedings under § 6402 to apply the debtor's 1997 tax refund to her 1993 tax liability. *Id.* at 333. On appeal of the bankruptcy court's decision, the Fifth Circuit recognized that "[a] debtor's claim to a tax refund is property of the estate." *Id.* at 335. However, that court went on to note that "under 26 U.S.C. § 6402(a) the debtor is generally only entitled to a tax refund to the extent that her overpayment exceeds her unpaid tax liability." *Id*. In *Luongo*, the debtor's unpaid tax liability was greater than her overpayment. *Id*. Thus, the Fifth Circuit reasoned that the debtor had no interest in the overpayment because it was contingent on the application of § 6402, and the IRS properly offset the overpayment pursuant to that section. *Id*.

There is clearly a split in authority as to whether a bankruptcy stay prevents the government from offsetting tax refunds. *Compare, e.g., In re Baucom,* 339 B.R. 504, 506-07 (Bankr. W.D. Mo. 2006) (holding that "[t]he part of the refund subject to offset . . . never became property of the estate") *with In re Vargas,* 342 B.R. 762, 765 (Bankr. N.D. Ohio 2006) (holding that "the IRS is not entitled to relief from stay simply because it holds the right of setoff."). As recently explained by a bankruptcy judge of this district:

> A number of courts across the country followed *Luongo* and held that the refund did not vest in the estate until after the Secretary of the Treasury complied with the provisions of section 6402(a), leaving only the remainder

> as a part of the estate. Thus, if no portion of the overpayment remained after setoff, the debtor retained no interest in the refund to exempt. Many of these courts, however, acknowledge that it remains a minority position.
>
> . . . .
>
> Conversely, other courts declined to adopt *Luongo*'s reasoning.

*Sexton v. IRS* (*In re Sexton*), 508 B.R. 646, 659 (Bankr. W.D. Va. 2014) (citations omitted).[2]

After *Luongo*, Congress amended the Bankruptcy Code to include § 362(b)(26), which specifically provides that the automatic stay does not prevent "the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable period that ended before the date of the order for relief against an *income tax liability*. . . ." 11 U.S.C. § 362(b)(26) (emphasis added). As the bankruptcy court in this case acknowledged, the fact that this exception to the automatic stay only applies to income tax liabilities suggests that Congress intended for the automatic stay to preclude the offset of non-income tax liabilities, such as the debt Addison owed to the USDA.

The government contends that § 362(b)(26) is immaterial because it does not affect the preliminary question of whether Addison had an interest in his actual tax

---

[2] Prior to *Luongo*, the majority of courts decided this issue in favor of the debtor. *See Sexton*, 508 B.R. at 659 ("Historically, a majority of courts considered [the Treasury Offset Program] to be subordinate to the Bankruptcy Code.").

overpayment, as opposed to his mere claim to that overpayment. The government argues that pursuant to § 6402, the relevant nonbankruptcy law, the government actually held the interest in those funds. The government's argument is that whenever a taxpayer overpays, the overpaid funds belong to the government until it decides to issue a refund. While some courts have accepted this proposition, I believe this argument overstates the government's entitlement to the overpaid funds, as set forth by § 6402.

The right to setoff permits "entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Md. v. Strumpf,* 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat'l Bank,* 229 U.S. 523 (1913)). With this principle in mind, § 6402(d) provides that, upon notice from a federal agency, the IRS is empowered to satisfy a taxpayer's federal debt to that agency using the portion of his tax payment that was greater than his tax liability. Absent the IRS effectuating a § 6402 offset, the overpaid funds belong to the taxpayer. *See Sexton*, 508 B.R. at 662 (holding that the debtor's right to recover her tax overpayment arose at midnight on the last day of the year when her overpaid taxes were due). The overpaid funds do not belong to the government until a federal agency has provided notice, and an offset has taken place. Therefore, if a bankruptcy stay is instituted prior to the actual offset, then the overpaid funds are protected by the

stay, and the government must be treated like any other creditor of the debtor. *See Moore v. U.S. Dept. of H.U.D. (In re Moore)*, 350 B.R. 650, 656 (Bankr. W.D. Va. 2006) (holding that annulling an automatic stay for the purpose of validating the government's post-petition setoff would "thwart the intent of both Congress and the Commonwealth of Virginia in providing the statutory mechanisms for equality of creditor treatment (§ 362) and the debtor's fresh start.").

Here, Addison clearly filed for bankruptcy, thus instituting the automatic stay, before he filed his 2011 and 2012 tax returns. While § 6402 grants the government the authority to make credits or refunds using overpaid tax funds, nothing in that section, or in the Bankruptcy Code, suggests that this power trumps the automatic stay provided by § 362(a).

IV.

For the foregoing reasons, the judgment of the bankruptcy court will be affirmed. A separate judgment will be entered herewith.

DATED: January 19, 2016

/s/ James P. Jones
United States District Judge